UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CR-00012

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**

**FAWN CERDA, et al.**                                                    **DEFENDANTS**

**MEMORANDUM OPINION & ORDER**

     This matter comes before the Court upon Defendants Baltazar Insunza-Alacaraz and Evardo Reyes-Ramos's Motions to Compel (DN 44 & 45). The Government has responded (DN 46) and the time to reply has expired. These motions are now ripe for adjudication. For the reasons that follow, Defendants' Motions are DENIED.

**BACKGROUND**

     Baltazar Insunza-Alacaraz and Evardo Reyes-Ramos ("Defendants") are two of three defendants charged with participating in a conspiracy to possess and distribute methamphetamine (violation of 21 U.S.C. §§ 846). Trial is currently set for November 6, 2011. Defendants now move this Court to compel the Government to disclose two corroborating witnesses it plans to call at trial so that Defendants' counsel may "adequately investigate their background and bias against the defendants." (DN 44 & 45 at 1). Although Defendants do not cite what legal authority entitles them to this information, the Court will assume that they are alluding to Government's obligation to turn over material pursuant to *Brady v. Maryland* and *Giglio v. United States*.

1

## STANDARD & ANALYSIS

The *Brady* doctrine requires the prosecution to disclose all material exculpatory and impeachment evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87(1963); *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). Under *Brady*, the government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). "If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). If the prosecution denies any such exculpatory material exists under *Brady*, the defense does not have "a general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

The Jencks Act on the other hand requires that, following the testimony of a government witness, the defendant can request, and the court order, the government to provide certain documents that relate to the subject matter of the government witness' testimony. 18 U.S.C. § 3500(a), (b). However, this circuit has repeatedly held that defense counsel is not entitled to the identities of the witnesses testifying for the government prior to trial. *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984); *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir. 1979); *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970). Precedent also bars a criminal defendant from compelling the government "to disclose impeachment material which would be

2

covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness." *Presser*, 844 F.2d at 1285.

While Defendants are indeed entitled to impeaching and exculpatory materials in the hands of the Government, such information is not available to the defense to the extent it reveals the identities of Government's witnesses. Insofar as the materials in Government's possession are covered by the both the *Brady* rule and the Jencks Act, that information need not be provided prior to trial so as to safeguard the witnesses preparing to testify; however, this Court encourages earlier production. Moreover, the Government is under an obligation to release these items under *Brady* and *Giglio*; it trusts that Government will make available the materials Murray seeks in a timely fashion.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT Defendants' Motions (DN 44 & 45) are DENIED.

CC: Counsel